**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | |
| v. | * | CR No. 08-46ML |
| | * | |
| JOSE HILARIO | * | |

**JOINT MOTION TO EXTEND DISCOVERY DEADLINE,**
**THE TIME FOR FILING MOTIONS, AND THE TRIAL DATE**

In the above matter, the parties hereby respectfully ask the Court to (1) extend the discovery deadline; (2) extend the time for defendant's filing of pre-trial motions and the government's responses to such motions; and (3) continue the trial. The case is currently set for its first pretrial conference on June 30, 2008 (which is also the deadline for the defendant’s filing pretrial motions and the government's response due July 10, 2008), with an initial trial date of July 11, 2008. The parties are seeking to extend the deadlines associated with these three events by one month. As grounds for this motion, the parties state:

1. Discovery Hampered. The defendant has not been able to review the discovery in this matter as the government has represented to the defendant that the completion of discovery in this case has been delayed due to technical issues relating to the imaging and analysis of the computer and external hard drive seized from the defendant’s residence by the FBI pursuant to a search warrant. As the Court may know, due to the time-intensive

nature of the task – as well as a sizeable backlog – forensic analysis by the FBI of computer media can take months. Due to the pendency of an indictment in this case,[1] the FBI's Computer Analysis and Response Team (CART) is taking steps to expedite its work on this case. The government believes that a one-month extension will provide enough time for analysis to be completed along with the forensic report.

2. Plea Discussions. The parties are exploring whether this case can be disposed of by way of a plea agreement. Understandably, neither party can enter into a plea agreement until CART is done examining the computer. At that point, the parties will be better able to assess the case, including the evidentiary strength of the case, whether more serious charges should be filed, and the probable sentencing range under the sentencing guidelines.

3. Complexity. In this child pornography case, the contents of the computer and the external hard drive obviously will constitute the bulk of discovery, as well as the majority of evidence against the defendant. In plea discussions, the issues being discussed by the parties primarily concern the evidence found on the computer and the external hard drive. Unfortunately, due to the complexity of the evidence being analyzed, see 18 U.S.C. §3161(h)(8)(B)(ii), government agents

---

[1] It is the norm that the seizure and analysis of computer media in child pornography cases often takes place prior to the filing of any charges.

were not able to conclude their analysis prior to the filing of this Motion, and as such defendant's counsel has not been able to view the evidence.

4. There has been no prior continuance in this case.

5. If plea discussions are fruitful, judicial resources would be conserved, thus fulfilling one of the purposes of the Speedy Trial Act. See 18 U.S.C. §3161(h)(1)(I).

6. If the parties cannot agree and the case must be tried, the ends of justice would be served by providing the parties additional time for trial preparation, particularly given the complexity of anticipated computer-related evidence. 18 U.S.C. §3161(h)(8)(B)(ii) and (iv).

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ TERRENCE P. DONNELLY
TERRENCE P. DONNELLY
Assistant U. S. Attorney
R.I. Bar No. 3506
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
terrence.donnelly@usdoj.gov

/s/ EDWARD M. PEPE
EDWARD M. PEPE
Counsel for the Defendant
R.I. Bar No. 6253
1070 Reservoir Avenue
Cranston, RI 02871
Tel (401) 943-5500
Fax (401) 944-5454
empepeesq@cox.net

Dated: June 19, 2008